UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

RAY BRUCE CULBERTSON,

Defendant.
_______________________________/

CRIMINAL NO. 05-80058

DISTRICT JUDGE VICTORIA A. ROBERTS

MAGISTRATE JUDGE VIRGINIA M. MORGAN

**REPORT AND RECOMMENDATION REGARDING DEFENDANT'S MOTION TO DISMISS INDICTMENT FOR PROSECUTORIAL MISCONDUCT**

## I. Introduction

This matter comes before the court on Defendant's Motion to Dismiss Indictment. For the reasons set forth below, the court recommends that the motion be **DENIED**.

## II. Background

On June 14, 2004, Detroit Police Officers Spidell, Hernandez, Schramek, and McCloud were patrolling in the area of Electric and Gleason, which is described in the officers' reports as a "high narcotic activity area." They observed a vehicle blocking traffic at or near the intersection of Electric and Gleason. Defendant was seen leaning into the driver's side window of a black, late model Pontiac. The officers recognized defendant as an individual they had seen loitering in the area. When the officers pulled up to investigate, defendant began running northbound on Electric. Officer Spidell exited his vehicle and took chase. During the chase, Officer Spidell

observed defendant throw an "unknown object" to the rear of 3210 Electric. Defendant then ran westbound between some houses. Officer Spidell apprehended defendant at either 3217 Edsel or 3217 Electric. These streets apparently run parallel to one another, one block apart. After defendant was apprehended, Officer McCloud went to the rear of 3210 Electric, where he found a loaded 9-millimeter handgun lying in the grass. Defendant, who had at least two outstanding warrants, was transported to the police station.

On July 1, 2004, defendant was charged by complaint with felon in possession of a firearm, a violation of 18 U.S.C. § 922(g)(1). The complaint was based upon an affidavit executed by ATF Special Agent J. Cameron Hoffman. The affidavit consisted of a summary of the facts set forth in the incident reports of the four officers named above. On January 19, 2005, Agent Hoffman appeared before a grand jury and gave testimony regarding the apprehension of defendant and the seizure of the weapon. Agent Hoffman went over the facts set forth in his affidavit, stating, in relevant part that the DPD officers observed defendant leaning in the driver's side window of a black Pontiac, that defendant took off running when the officers approached, that Officer Spidell gave chase and observed defendant throw an "unknown object" to the rear of 3210 Electric during the chase, and that Officer Spidell apprehended defendant at 3217 Edsel. Agent Hoffman further testified that Officer McCloud "approached the front of 3217 Edsel and observed [defendant] in the custody of Officers Schramack and Spidell. Officer McCloud then back-tracked on foot from this location to 3210 Electric, where he observed a weapon in the grass."

After the Assistant United States Attorney (AUSA) completed her questioning of Agent Hoffman, the jurors asked several questions. One juror posed the following question to Hoffman: "I have one question. When you were explaining what happened, if I understand it right, he had the gun and the officers on the scene saw him toss the gun, correct?" Agent Hoffman responded, "correct." The grand jury returned an indictment charging defendant with felon in possession of a firearm following three serious felony offenses, in violation of 18 U.S.C. §§ 922(g)(1), 924(e).

**III. Defendant's Motion**

Defendant claims that Agent Hoffman knowingly gave materially false testimony before the grand jury, in violation of 18 U.S.C. § 1623, and that the AUSA willfully failed to correct the falsehood, constituting prosecutorial misconduct. The motion has two aspects. The first is based upon a discrepancy in the officers' incident reports. The reports of Officers Spidell and Hernandez state that defendant was apprehended at 3217 Edsel, while the reports of Officers Schramek and McCloud state that he was apprehended at 3217 Electric. Defendant claims that Agent Hoffman testified falsely when he stated that Officer McCloud backtracked from 3217 Edsel to 3210 Electric to retrieve the weapon, without acknowledging the discrepancy in the reports of Officers Schramek and McCloud regarding the location of the arrest. Defendant further contends that none of the officers reported having seen defendant toss a gun and that Special Agent Hoffman testified falsely when he answered in the affirmative to the grand juror's question regarding whether the officers had seen defendant toss a gun.

The Supreme Court has held that a court may exercise its "supervisory power...to dismiss an indictment because of misconduct before the grand jury, at least where that misconduct amounts to a violation of one of those 'few clear rules which were carefully drafted and approved by this Court and by Congress to ensure the integrity of the grand jury's functions.'" U.S. v. Williams, 504 U.S. 36, 46, 112 S.Ct. 1735, 118 L.Ed.2d 352 (1992)(quoting United States v. Mechanik, 475 U.S. 66, 74, 106 S.Ct. 938, 89 L.Ed.2d 50 (1986)(O'Conner, J., concurring in the judgment)). Further, "as a general matter, a district court may not dismiss an indictment for errors in grand jury proceedings unless such errors prejudiced the defendant[]." Bank of Nova Scotia v. U.S., 487 U.S. 250, 254, 108 S.Ct. 2369, 101 L.Ed.2d 228 (1988).[1] To establish prejudice, a defendant must demonstrate that the irregularity in the grand jury proceedings "'substantially influenced the grand jury's decision to indict,' or [that] there is 'grave doubt' that the decision was free from the substantial influence of such violations." Id., 487 U.S. at 256, 108 S.Ct. 2369, 101 L.Ed.2d 228 (quoting Mechanik, 475 U.S. at 78, 106 S.Ct. 938, 89 L.Ed.2d 50 (1986)(O'Conner, J., concurring in the judgment)).

In Williams, supra, the Supreme Court identified 18 U.S.C. § 1623 as one of the "few clear rules" which, if violated, could warrant dismissal of an indictment pursuant to this supervisory power. Williams, 504 U.S. at 1741, n. 6, 112 S.Ct. 1735, 118 L.Ed.2d 352. Section 1623(a) provides, in relevant part, that "[w]hoever under oath...in any proceeding before or

---

[1]Certain structural errors in grand jury proceedings may warrant dismissal without a showing of prejudice, such as where the composition of the grand jury has been tainted by racial discrimination. See, e.g., Vasquez v. Hillary, 474 U.S. 254, 106 S.Ct. 617, 88 L.Ed.2d 598 (1986). No such errors are alleged in this matter.

ancillary to any court or grand jury of the United States knowingly makes any false material declaration...shall be fined under this title or imprisoned not more than five years, or both." Thus, to establish a violation of § 1623, it must be shown that the witness "(1) knowingly made (2) a materially false declaration (3) under oath (4) in a proceeding before or ancillary to any court of the United States." U.S. v. Lee, 359 F.3d 412, 416 (6th Cir. 2004). "A statement is material if 'it has the natural tendency to influence, or was capable of influencing, the decision of the decision-making body to which it was addressed.'" Id. (quoting United States v. McKenna, 327 F.3d 830, 839 (9th Cir. 2003)).

In addition, under Sixth Circuit precedent, dismissal is warranted where prosecutorial misconduct is alleged only upon a showing "that prosecutorial misconduct is a long-standing or common problem in grand jury proceedings in the district." U.S. v. Griffith, 756 F.2d 1244, 1249 (6th Cir. 1985)(citations and internal quotations omitted); see also U.S. v. Goldsby, 125 Fed.Appx. 687, 691 (6th Cir. 2005). The defendant must also show that he suffered prejudice as a result of the prosecutor's actions. Griffith, 756 F.2d at 1249.

This motion is entirely lacking in merit as a matter of both fact and law. With regard to the former, it cannot be said that Agent Hoffman testified falsely when he stated that defendant was arrested at 3217 Edsel and that Officer McCloud backtracked from that address to retrieve the gun. The Edsel address was listed as the location of defendant's apprehension in two police reports – the reports of the officers who actually apprehended defendant. Thus, Agent Hoffman had a factual basis for giving such testimony. That another address was named as the location of the arrest in the other police reports does not render Agent Hoffman's testimony false, nor does

his failure to inform the grand jury of the discrepancy. Agent Hoffman's testimony was, at worst, an overstated conclusion. It cannot reasonably be characterized as a direct falsehood given the fact that 3217 Edsel was listed as the cite of the arrest in two of the four police reports. Moreover, defendant has utterly failed to explain the import of whether Officer McCloud backtracked from 3217 Edsel or 3217 Electric to retrieve the gun. He has asserted, in conclusory fashion, that the location of the arrest is material to establishing a link between defendant and the weapon. However, he has failed to provide any further explanation of the significance of the location of the arrest, and the court sees no significance in that fact. Thus, defendant has failed to demonstrate that Agent Hoffman gave false testimony and, even if his testimony was deemed to be false, defendant has failed to show that the alleged falsehood was material.

As to the second aspect of defendant's motion, it is true that no officer reported having seen defendant toss a gun to the rear of 3210 Electric. Rather, all of the reports state that Officer Spidell saw defendant throw an "unknown object." However, the logical inference from the facts set forth in the reports is that the "unknown object" was the gun Officer McCloud retrieved. Defendant, a convicted felon, took off running when the officers approached him. Officer Spidell took chase and, during the chase, saw defendant thrown an "unknown object" to the rear of 3210 Electric. Immediately after defendant was apprehended, Officer McCloud found a loaded 9-millimeter gun in the grass behind 3210 Electric. Perhaps, by some incredible coincidence, the gun Officer McCloud recovered was left there by someone other than defendant. However, from these facts, the only logical inference that can be drawn is that the gun Officer McCloud retrieved was, in fact, the "unknown object" Officer Spidell saw defendant toss. Agent

Hoffman's testimony in response to the grand juror's question merely reflects this inference and, thus, was not false. In the court's view, he was merely attempting to clarify for the juror what he believed had taken place. Though a more substantive response to the juror's question would have been preferable, it cannot be said that Agent Hoffman's answer was a direct falsehood.

In sum, the court finds that defendant has failed to demonstrate that Agent Hoffman made any materially false statements before the grand jury. Accordingly, the court concludes that no violation of 18 U.S.C. § 1623 occurred in the grand jury proceedings.

With respect to defendant's claim that the AUSA committed misconduct in failing to correct the alleged inaccuracies in Agent Hoffman's testimony, defendant has not argued, much less shown, that prosecutorial misconduct is a long-standing or common problem in grand jury proceedings in the Eastern District of Michigan. Moreover, as discussed above, he has failed to demonstrate that such misconduct resulted in prejudice to him. Accordingly, dismissal on the ground of prosecutorial misconduct is not warranted.

## IV. Conclusion

For the reasons stated above, the court recommends that Defendant's Motion to Dismiss Indictment be **DENIED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v.

Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

s/Virginia M. Morgan
VIRGINIA M. MORGAN
UNITED STATES MAGISTRATE JUDGE

Dated: June 6, 2006

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing Report and Recommendation was served upon counsel of record via the Court's ECF System and/or U. S. Mail on June 6, 2006.

s/J Hernandez
Case Manager to
Magistrate Judge Virginia M. Morgan