UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                                                     Case No. 05-80058
                                                                       Hon. Victoria A. Roberts

RAY BRUCE CULBERTSON

       Defendant.

_____/

## ORDER DENYING MOTION TO DISMISS INDICTMENT

### I.     INTRODUCTION

This matter is before the Court on Defendant's Motion to dismiss the indictment.

For the following reasons, the Court **ADOPTS** the Report and Recommendation and

**DENIES** Defendant's Motion.

### II.    BACKGROUND

This action arises out of the arrest of Defendant, Ray Bruce Culbertson, as a

felon in possession of a firearm.

On June 19, 2004, Detroit police officers noticed Defendant leaning into the

driver's side window of a car blocking traffic on Gleason street in Detroit.  Officers

recognized Defendant as an individual they had directed to leave that area an hour

earlier.  As officers approached, Defendant ran northbound on Electric street.

Officer Spidell chased Defendant on foot.  Defendant ran between two houses on

Electric street.  Officer Spidell claims he saw Defendant holding the waistband of his

pants.  He alleges Defendant dropped a white t-shirt and an unknown object into the

rear of 3210 Electric street while running.  Defendant continued running to the rear of

3217 Edsel street.  Edsel and Electric street run parallel and are separated by an alley.

Defendant was then apprehended by Officers Spidell and Officer Schramek.  Officer

Spidell's partner, Officer Hernandez, also assisted with handcuffing Defendant.

Following the chase, another officer, Officer McCloud, returned to 3210 Electric.

There he found a 9mm handgun in the grass.

Four involved officers filed reports.  Officer Spidell wrote that Defendant was

apprehended at 3217 Edsel and that he saw him drop an unknown object at the rear of

3210 Electric.  Officer Hernandez wrote that when he arrived he saw Defendant laying

on the ground at 3217 Edsel.  Officer Schramek's report states that Defendant jumped a

fence from Electric street to the rear of 3217 Edsel.  In the same report, he claims he

chased Defendant to the front of 3217 *Electric* (not Edsel) where Defendant was placed

in custody.

The fourth officer, McCloud, wrote that he saw Defendant cross the alley from

Electric street to the rear of 3217 Edsel.  Officer McCloud was in a police car when he

observed this.  He further writes that he backed out of the alley and drove to the front of

3217 *Electric*, (not Edsel, as other officers had reported).  He writes he saw Defendant

in custody at that address.  Finally, he writes that he back tracked on foot from there,

through the alley, to the rear of 3210 Electric street and recovered the handgun.

On January 19, 2005, Bureau of Alcohol Tobacco and Firearms Agent John

Hoffman testified before a federal grand jury on the basis of his review of the Officers'

reports.  The discrepancy between what Agent Hoffman says the reports contained, and

what they actually say, form the basis of Defendant's Motion.

An indictment was filed January 19, 2005 charging Defendant as a felon in possession of a firearm.

On April 12, 2006, Defendant filed a Motion to dismiss the indictment alleging Agent Hoffman violated 18 USC §1623 by providing false declarations to the grand jury when he testified that Officer McCloud's report said he drove to the front of 3217 "Edsel" and when he affirmed that Officers saw Defendant toss the gun.  The reports say neither of these things.

On June 6, 2006, Magistrate Judge Virginia M. Morgan issued a Report and Recommendation recommending that the Court deny Defendant's Motion.  She found that Defendant failed to demonstrate that Agent Hoffman's testimony was either false or immaterial, concerning Officer McCloud's path.  Further, she determined that Agent Hoffman made a logical inference that the "unknown object" tossed by Defendant was a gun, and that he merely reflected that inference in his testimony, which does not constitute a false representation.

Although Plaintiff and Magistrate Morgan discuss prosecutorial misconduct, Defendant states that he is not raising such a claim. [Objections, p.2].

III.    **APPLICABLE LAW AND ANALYSIS**

Defendant asks the Court to dismiss the indictment against him under its supervisory power, based on the alleged false representations made to the grand jury by Agent Hoffman in violation of 18 USC §1623.

To be guilty under §1623, the speaker must have: (1) knowingly made; (2) a materially false declaration; (3) under oath; and (4) in a proceeding before or ancillary to any court of the United States.  *U.S. v. Lee*, 359 F.3d 412, 416 (6th Cir. 2004).  "A

2:05-cr-80058-VAR-VMM   Doc # 50   Filed 07/27/06   Pg 4 of 6   Pg ID 192

statement is material if it has the natural tendency to influence, or was capable of influencing, the decision of the decision-making body to which it was addressed." *Id.* The statement does not have to actually influence the decision-making body for a finding of guilt. *Id.*

In order to obtain dismissal of the indictment on the basis of a violation of §1623, Defendant not only has to establish that Agent Hoffman violated §1623, he must also establish that he was prejudiced by the testimony. *U.S. v. Nembhard*, 676 F.2d 193, 200 (6th Cir. 1982). "[A] district court may not dismiss an indictment for errors in grand jury proceedings unless such errors prejudiced the defendants." *Bank of Nova Scotia v. U.S.*, 487 U.S. 250, 254 (1988).

Prejudice is sufficient to dismiss an indictment where "it is established that the violation substantially influenced the grand jury's decision to indict, or if there is grave doubt that the decision to indict was free from the substantial influence of such violations." *Id.* at 256.

## A.    Discrepancy in street name

Defendant argues it was a material misrepresentation, in violation of §1623, for Agent Hoffman to testify before the grand jury that Officer McCloud's report states that he backtracked from 3217 Edsel to 3210 Electric where he found the gun, when Officer McCloud actually wrote that he back tracked from 3217 Electric.

It is not necessary to decide if the representation that Officer McCloud began backtracking from 3217 Edsel - as opposed to 3217 Electric - is a violation of §1623, because the representation, if materially false, did not prejudice Defendant.

While Defendant contends that "[t]he route of the backtracking is material to

4

establishing a nexus between [Defendant] and the weapon that was found," he does not

indicate how the misstatement by Agent Hoffman concerning Officer McCloud's report,

substantially influenced the grand jury.  It is undisputed that Defendant threw an object

into the rear of 3210 Electric, and that is where the gun was found a short time later by

Officer McCloud.  Further, all four officers reported that Defendant ran between the

houses located at 3220 and 3210 Electric.

Agent Hoffman's testimony as to where the back tracking began is irrelevant and

the Court finds it did not substantially influence the grand jury's decision to issue an

indictment.

### B.      Statement that Officers saw Defendant throw the gun

Defendant also argues that the indictment should be dismissed because Agent

Hoffman misrepresented the evidence.  Initially, Agent Hoffman testified that Officer

Spidell observed Defendant "toss *an object* into the rear of 3210 Electric." [Motion,

Exhibit C, p. 4].  Later, Agent Hoffman answered this way in response to a juror's

question:

> Juror:      I have one question.  When you were explaining what
> happened, if I understand it right, he had the gun and *the*
> *officers on the scene saw him toss the gun*, correct?
>
> Hoffman:   Correct.

[Motion, Exhibit C, pp. 8-9](emphasis added).  In fact, none of the officers reported that

Defendant threw a gun.

Again, it is not necessary to address whether this statement violates §1623

because Defendant fails to establish prejudice.  Although Agent Hoffman's statement

certainly made the evidence appear stronger, absent his statement there was still ample

evidence for an indictment to issue.  The standard for issuing an indictment is probable

cause.  *U.S. v. Calandra*, 414 U.S. 338, 343 (1974).

Four officers reported that Defendant ran along the side of 3210 Electric.  One

officer personally observed Defendant throw an object into the rear of 3210 Electric.  A

short time later, an officer retraced the Defendant's path to 3210 Electric and found a

gun.  Based on this, there was sufficient evidence for the grand jury to conclude there

was probable cause that Defendant possessed a gun.

Accordingly, the Court finds that while influential, Agent Hoffman's statement that

officers saw Defendant toss the gun did not *substantially* influence the grand jury

sufficient to require dismissal of the indictment.

## IV.    CONCLUSION

For the foregoing reasons, the Court **ADOPTS** the Report and Recommendation

and **DENIES** Defendant's Motion to dismiss the indictment.

**IT IS SO ORDERED.**

**S/Victoria A. Roberts**
**Victoria A. Roberts**
**United States District Judge**

**Dated:  July 27, 2006**

---

**The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on July 27, 2006.**

**S/Carol A. Pinegar**
**Deputy Clerk**

---