UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                        CIVIL ACTION NO. 05-80058

  v.                                 DISTRICT JUDGE VICTORIA A. ROBERTS

RAY BRUCE CULBERTSON,        MAGISTRATE JUDGE VIRGINIA M. MORGAN

       Defendant.
_____/

**Report and Recommendation Regarding Defendant's Motion to Dismiss
Indictment Pursuant to 18 U.S.C. § 3162 and 18 U.S.C. App. 2**

**I. Introduction**

     This matter comes before the court on Defendant's Motion to Dismiss Indictment Pursuant to 18 U.S.C. § 3162 and 18 U.S.C. App. 2.  Defendant claims that the felon in possession charge currently pending against him should be dismissed based upon violations of the Speedy Trial Act, 18 U.S.C. § 3161 *et seq*., and the Interstate Agreement on Detainers (IAD), 18 U.S.C. App. 2.  By order dated October 16, 2006, Judge Roberts referred the motion to this court for Report and Recommendation.  The court heard oral argument on the motion on November 30, 2006.  For the reasons stated below, the court recommends that the motion be **DENIED**.

**II.  Background**

On June 19, 2004, Detroit Police Department officers arrested defendant for illegally possessing a firearm.[1]  On June 28, 2004, the Bureau of Alcohol, Tobacco, and Firearms (ATF) opened an investigation into possible violations of federal law by defendant.  Shortly thereafter, on July 1, 2004, a federal complaint charging defendant with being a felon in possession of a firearm was filed and a warrant for his arrest was issued.  On July 2, 2004, the Wayne County Prosecutor dismissed the pending state weapons charge(s).  That same day, the ATF case agent attempted to execute the federal arrest warrant, but was advised by Wayne County Sheriff personnel that defendant had a state parole hold and that he could not be released to federal custody until the parole matter was resolved.  The arrest warrant was then entered into the NCIC system.

On November 16, 2004, a federal writ of habeas corpus ad prosequendum was issued for defendant to appear on December 15, 2004 to answer to the complaint.  The writ was returned unexecuted on December 10, 2004.  A second federal writ of habeas corpus ad prosequendum was issued on December 14, 2004 for defendant to appear on the complaint on January 13, 2005.  Defendant made his initial appearance on that date, and an order of temporary detention was entered.  On January 14, 2005, defendant consented to detention pending trial.  The grand jury returned an indictment on January 19, 2005 charging defendant with being a felon in possession of a firearm.

---

[1] At oral argument, the parties stipulated to the statement of facts set forth herein.

### III.  Analysis

#### A.  Speedy Trial Act Claim

Defendant first claims that the government failed to indict him in a timely manner under the Speedy Trial Act, and, therefore, that the indictment should be dismissed.  The Speedy Trial Act provides, in relevant part, that an "indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested...."  18 U.S.C. § 3161(b).  In order for this provision to apply, federal charges must be pending and a federal arrest must have occurred.  U.S. v. Murphy, 241 F.3d 447, 454 (6th Cir. 2001); U.S. v. Woolfolk, 399 F.3d 590, 594-95.

Defendant was initially arrested by Detroit Police Department officers on June 19, 2004.  He remained in state custody, first as a pretrial detainee and then on a parole violation matter, until January 13, 2005, or thereabouts, when he was brought to federal court to appear on the complaint.  Neither the issuance of the federal complaint and warrant nor the entry of the warrant into the NCIC constituted a federal arrest.  U.S. v. Woolfolk, 399 F.3d at 594-95; U.S. v. Copley, 774 F.2d 728 (6th Cir. 1985).  Defendant was not "arrested" for Speedy Trial Act purposes until he was taken into custody by the U.S. Marshal's service pursuant to the writ of habeas corpus ad prosequendum issued on December 14, 2004.  While it is not clear exactly when that took place, it likely occurred within a day or two of defendant's initial appearance on January 13, 2005.  In any event, it certainly occurred within 30 days of the date on which the indictment was handed down.  Defendant makes no claim to the contrary.  Accordingly, defendant was indicted in a

timely manner under § 3161(b) of the Speedy Trial Act. Defendant has otherwise failed to demonstrate that any Speedy Trial Act violations occurred.

### B. Interstate Agreement on Detainers Claim

Defendant also contends that the government violated the speedy trial provision of Article III(a) of the IAD. Defendant's claim is without merit. Article III(a) applies only to a person who "has entered upon a term of imprisonment in a penal or correctional institution of a party State." Defendant never "entered upon a term of imprisonment" while he was in state custody. From June 19, 2004 to July 2, 2004, he was a pre-trial detainee on state weapons charges. It is well-settled that the IAD does not apply to pre-trial detainees. U.S. v. Roberts, 548 F.2d 665 (6th Cir. 1977); U.S. v. Glasgow, 790 F.2d 446 (6th Cir. 1985); Smith v. Elo, 23 Fed.Appx. 310 (6th Cir. 2001). After July 2, 2004, defendant was held in state custody pending revocation of his parole. As with pre-trial detainees, the IAD does not apply to persons in state custody awaiting parole revocation. U.S. v. Reed, 620 F.2d 709 (9th Cir. 1980); U.S. v. Paige, 332 F.Supp.2d 467 (D.R.I. 2004); U.S. v. Carnes, 41 F.Supp.2d 719 (E.D.Mich. 1999). Accordingly, no IADA violation occurred.

### IV. Conclusion

For the reasons stated above, the court recommends that Defendant's Motion to Dismiss Indictment Pursuant to 18 U.S.C. § 3162 and 18 U.S.C. App. 2 be **DENIED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific

objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

        S/Virginia M. Morgan
        Virginia M. Morgan
        United States Magistrate Judge

Date: December 4, 2006