UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff(s),        CASE NUMBER: 05-80058
                                     HONORABLE VICTORIA A. ROBERTS

v.

RAY BRUCE CULBERTSON,

        Defendant(s).
_____/

ORDER ADOPTING
REPORT AND RECOMMENDATION

**I.    INTRODUCTION**

This matter is before the Court on Defendant's Motion to Dismiss Indictment Pursuant to 18 U.S.C. §3162 and 18 U.S.C. App. 2. Defendant's motion was referred to Magistrate Judge Virginia M. Morgan for a Report and Recommendation ("R&R"), pursuant to 28 U.S.C. §636(b)(1)(B). Judge Morgan recommends that Defendant's motion be denied.

For the reasons stated below, the Court **ADOPTS** Judge Morgan's recommendation.

**II.    BACKGROUND**

The parties stipulated to the statement of facts set forth in Judge Morgan's R&R:

> On June 19, 2004, Detroit Police Department officers arrested defendant for illegally possessing a firearm. On June 28, 2004, the Bureau of Alcohol, Tobacco, and Firearms (ATF) opened an investigation into possible violations of federal law by defendant. Shortly thereafter, on July 1, 2004, a federal complaint charging

>defendant with being a felon in possession of a firearm was filed and a warrant for his arrest was issued. On July 2, 2004, the Wayne County Prosecutor dismissed the pending state weapons charge(s). That same day, the ATF case agent attempted to execute the federal arrest warrant, but was advised by Wayne County Sheriff personnel that defendant had a state parole hold and that he could not be released to federal custody until the parole matter was resolved. The arrest warrant was then entered into the NCIC system.
>
>  On November 16, 2004, a federal writ of habeas corpus ad prosequendum was issued for defendant to appear on December 15, 2004 to answer to the complaint. The writ was returned unexecuted on December 10, 2004. A second federal writ of habeas corpus ad prosequendum was issued on December 14, 2004 for defendant to appear on the complaint on January 13, 2005. Defendant made his initial appearance on that date, and an order of temporary detention was entered. On January 14, 2005, defendant consented to detention pending trial. The grand jury returned an indictment on January 19, 2005 charging defendant with being a felon in possession of a firearm.

R&R at p. 2 (footnote omitted).

Defendant asserts two grounds for dismissal of the charges against him with prejudice. He argues that: 1) the Government's failure to indict him for over six months after the federal warrant and complaint were filed violated the Speedy Trial Act, 18 U.S.C. §3161, *et seq.*, and 2) the Government's failure to take him into custody to take action on the federal complaint for more than six months violated the speedy trial provision of the Interstate Agreement on Detainers ("IAD"), 18 U.S.C. App. 2.

The Magistrate found no merit in either assertion and recommends that the Court deny Defendant's motion in its entirety. Defendant objects to the recommendation. The Government did not respond to Defendant's objections.

### III.   ANALYSIS AND APPLICABLE LAW

   **A.   Speedy Trial Act**

2

> The Speedy Trial Act ("STA") states that:
>
>> Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges.

18 U.S.C. §3161(b). Charges brought in violation of §3161(b) must be dismissed and the Court must weigh several factors set forth in the statute to decide whether the dismissal should be with or without prejudice:

> If, in the case of any individual against whom a complaint is filed charging such individual with an offense, no indictment or information is filed within the time limit required by section 3161(b) as extended by section 3161(h) of this chapter, such charge against that individual contained in such complaint shall be dismissed or otherwise dropped. In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice.

18 U.S.C. §3162(a)(1).

Here, a federal complaint was filed against Defendant on July 1, 2004, but he was not indicted until January 19, 2005. Defendant asserts that this delay of over six months constitutes a violation of the STA which requires dismissal. He further asserts that dismissal with prejudice is warranted because each of the factors set forth in 18 U.S.C. §3162(a)(1) weighs in his favor.

Although a federal complaint and warrant were issued on July 1, 2004, the Magistrate cites *United States v Woolfolk*, 399 F.3d 590, 594-594 (4th Cir. 2005) and *United States v Copley*, 774 F.2d 728 (6th Cir. 1985), for the proposition that the

issuance of the federal complaint and warrant did not constitute a federal arrest since Defendant was being held in state custody on state charges. Rather, the Magistrate finds that Defendant was not "arrested" for STA purposes until he was taken into federal custody, pursuant to the writ of habeas corpus ad prosequendum ("writ") issued on December 14, 2004. The Magistrate indicates that the exact date Defendant was taken into custody pursuant to the writ is unclear, but finds that it was likely within a day or two of Defendant's initial appearance in federal court on January 13, 2005. In any event, the Magistrate finds that Defendant was taken into custody well within 30 days of the indictment. Therefore, the Magistrate recommends that the Court find that Defendant was indicted in a timely manner under §3161(b) of the STA.

In his objections, Defendant argues that *United States v Blackmon*, 874 F.2d 378 (6th Cir. 1989), establishes that a federal arrest occurs when a formal complaint or formal charges are issued. And, Defendant objects to the Magistrate's failure to make a finding regarding the exact date he was taken into custody by the U.S. Marshal's service pursuant to the December 14, 2004 writ. Defendant also argues (presumably in the alternative) that the 30-day Speedy Trial Act clock began to run either when he was taken into custody or when his liberty interest was significantly restrained by the Government's actions. If either occurred on December 14, 2005, Defendant asserts that the 30-day period ran out on January 12, 2006 and, therefore, the Government's failure to indict him until January 13, 2006 requires the Court to dismiss the charges against him.

The Magistrate did not err in finding that the federal government's filing of a

4

complaint and issuance of a warrant does not trigger the 30-day Speedy Trial clock when a defendant is being detained by state authorities on state matters. In fact, the authority Defendant relies upon supports the Magistrate's ruling. In *Blackmon*, the Court held that a federal arrest occurs when a formal complaint or charge is issued. However, the Court further held that "[t]here is no federal arrest until the defendant is taken into federal custody, notwithstanding the fact that the state and federal officials were cooperating when the defendant was in state custody." 874 F.2d at 382. In support of this assertion, the *Blackmon* Court cited the Fifth Circuit's opinion in *United States v Taylor*, 814 F.2d 172 (5th Cir. 1987), in which the court found on analogous facts that no federal arrest occurred until the defendant was taken into federal custody.

As in this case, a federal complaint was filed against the *Taylor* defendant while he was being held in state custody on state charges. Over two months later, the state charges were dismissed, the defendant was taken into federal custody and an indictment was filed within 30 days. Even though the federal complaint was filed over two months before the indictment was filed, the *Taylor* court held that a federal arrest triggering the STA time provision did not occur until the defendant was taken into federal custody. The *Taylor* court stated that "[f]iling a complaint and detainer are not equivalent to a federal arrest." 814 F.2d at 175. Rather, "'[f]or the time limit of the Act to commence a person must be held for the purpose of answering to a federal charge.'" *Id* (*quoting United States v Shahryar*, 719 F.2d 1522, 1524-1525 (11th Cir. 1983)).

The Fourth Circuit in *Woolfolk, supra*, similarly held that the filing of a federal complaint, arrest warrant and detainer with the state (directing the state to release the

defendant to the federal government when the state charges were resolved) did not trigger the provisions of the STA while the defendant was in state custody on state charges. Rather, the *Woolfolk* court held that an individual is not considered to have been under federal arrest while in state custody unless the federal government is aware that the individual is actually being held by state authorities solely to answer to federal charges.

It is undisputed that Defendant was held in state custody on state charges at least through December 14, 2004. Therefore, the Magistrate's finding that the Government's filing of a complaint did not constitute an "arrest" under §3161(b) is consistent with the authority in this and other circuits.

The Magistrate did not address Defendant's second argument. Notably, however, Defendant seems to make a different argument in his Objections than was asserted before the Magistrate. Defendant argued before the Magistrate that the Government's filing of the federal arrest warrant on July 1, 2004 triggered the time provision of the STA. In his Objections, however, he argues that the clock began to run when the federal writ was issued on December 14, 2004. There is no support for either assertion.

In his Reply brief before the Magistrate, Defendant cited *United States v Copley*, 774 F.2d 728 (6th Cir. 1985), in which the Court considered whether a government's filing of a federal detainer (to ensure that the defendant would not be released when the state matters were concluded) constituted a federal arrest within the meaning of the STA. The *Copley* Court held that "an arrest occurs when law enforcement officials

6

effect a significant deprivation of an individual's liberty." But, the Court ultimately found that the detainer was not a restraint of the *Copley* defendant's liberty because he was held in state custody due to the state's administrative errors, not because of the detainer.

Here, Defendant asserted in his Reply that the arrest warrant filed by the Government on July 1, 2004 operated as a detainer. But, he admitted that the warrant was not the only reason he was held in state custody. Nevertheless, Defendant argued that the detainer was *a* source of the significant restraint on his liberty and, therefore, it was the functional equivalent of a federal arrest.

There is no support for Defendant's expanded interpretation of *Copley*. Under *Copley*, the filing of a federal detainer must be *the* source of the significant restraint on a defendant's liberty. Indeed, the *Copley* Court explicitly held that the government's filing of a federal detainer did not operate as a federal arrest because it was not the only basis for holding the defendant in custody:

> [T]he detainer was not used by the federal authorities as a request that the Columbus Police Department hold Copley to answer for federal charges, but rather was used as a request that the Columbus Police Department notify the United States Marshal's office when Copley's release was imminent. Accordingly, since the detainer in this case was not the source of the significant limitation of liberty effected by defendant's state custody, we hold that the detainer was not the functional equivalent of a federal arrest for Speedy Trial Act purposes.

774 F.2d at 730-731 (citation omitted). Likewise here, the undisputed evidence is that Defendant was being held by the state on state parole matters, not because of the federal arrest warrant. Therefore, the government's filing of the warrant did not trigger

7

the time provision of the STA.

Defendant makes a different argument in his Objections. He objects to the Magistrate's failure to determine when the U.S. Marshal's service effectively (via issuance of the writ) or actually took him into custody after the writ was issued. He argues that if either occurred on December 14th, the 30-day clock began to run on that date and expired on January 12, 2005--one week before the indictment was entered. Defendant, however, failed to present evidence in support of his claim.

First, Defendant failed to establish that the issuance of the writ was a significant restraint on his liberty because Defendant offers no evidence that the writ was the sole reason he was being held in state custody. That is, Defendant does not argue or present any evidence that the state parole matter was resolved on or before December 14, 2004. In fact, Defendant did not dispute the Government's assertion in its Supplemental Response to Defendant's motion that the state parole matter is still pending. *See* Government Supp. Response at p. 1; Def. Reply at pp. 9-10. Therefore, there is no evidence that the writ, rather than unresolved state matters, was the basis for holding Defendant in state custody until he was physically turned over to federal authorities. Thus, under *Copley*, there is no basis for the Court to find that the issuance of the writ was the functional equivalent of a federal arrest for STA purposes.

Second, Defendant asserts that the 30-day clock expired before the indictment was filed "if" he was physically taken into custody on December 14, 2004 (or, it follows, within the following week). But, Defendant does not present any evidence (or even argue) that he, in fact, was taken into federal custody before he first appeared in federal

court on January 13, 2005, which was well within 30 days of the indictment. There is no basis for the Court to find that Defendant was physically in federal custody more than 30 days before the indictment was filed, absent evidence showing (or even suggesting) as much.

### B.     Interstate Agreement on Detainers

The Interstate Agreement on Detainers ("IAD") was enacted to ensure the speedy resolution of charges pending against a prisoner in multiple jurisdictions, because "charges outstanding against a prisoner, detainers based on untried indictments, informations, or complaints and difficulties in securing speedy trial of persons already incarcerated in other jurisdictions, produce uncertainties which obstruct programs of prisoner treatment and rehabilitation." 18 U.S.C. App. 2, Art. 1.

Defendant asserts that the Government's failure to indict him for more than six months after a federal complaint was filed violated the speedy trial provision of Article III of the IAD. The Magistrate noted, however, that Article III(a) is expressly limited to a person "who has entered upon a term of imprisonment in a penal or correctional institution." And, the Magistrate found that Defendant's detention in state court never amounted to "a term of imprisonment." Rather, he was a pre-trial detainee while the state weapons charges were pending--from June 19, 2004 through July 2, 2004. After July 2nd, Defendant was being held pending adjudication of alleged parole violations.

The Magistrate cited authority in this and other jurisdictions indicating that neither pre-trial detainees nor parolees awaiting adjudication of parole violations are regarded as prisoners serving "a term of imprisonment." *See United States v Roberts*, 548 F.2d

9

665, 671 (6th Cir. 1976)("[T]he [IAD] does not apply to a person who is imprisoned awaiting disposition of pending charges and who has not been sentenced to a term of imprisonment."); *United States v Glasgow*, 790 F.2d 446 (6th Cir. 1985)(citing *Roberts*); *United States v Carnes*, 41 F.Supp.2d 719 (E.D. Mich. 1999)(IAD does not apply to a parolee detained pending a parole revocation hearing); *United States v Reed,* 620 F.2d 709 (9th Cir. 1980)(same); *United States v Paige*, 332 F.Supp.2d 467 (D.R.I. 2004)(same). Consequently, the Magistrate found that the IAD does not apply.

Defendant does not refute the authority cited by the Magistrate. He simply asserts conclusorily that he "continues to serve his sentence until his parole ends." Def. br. at ¶8. To the contrary, however, several courts have rejected the proposition that a parolee is serving a term of imprisonment within the meaning of the IAD when he is being detained pending a hearing on parole violation charges. For instance, in *Paige* the court stated that a defendant who is being held pending a parole revocation hearing is indistinguishable from a pretrial detainee because he is in custody awaiting a ruling on the pending charge and sentencing. 332 F.Supp.2d at 473. Likewise, in *Carnes* the court held that "[a]lthough a parolee technically continues to serve the sentence imposed by the court, he is not actually serving a term of imprisonment as required under the express provision of the IAD." 41 F.Supp.2d at 722. The *Carnes* court reasoned that "until actual revocation of parole, a parolee's status remains uncertain, and his interest in the rehabilitation programs of his confining institution is 'insufficient to trigger invocation of the IAD.'" *Id* (quoting *United States v Collins*, 863 F.Supp. 102, 107 (E.D. N.Y. 1994)).

Defendant's only other argument is that the six-month delay in indicting him runs contrary to the purposes for which the IAD was promulgated.  In fact, however, the IAD was enacted to protect the treatment and rehabilitation interests of inmates serving a "term of imprisonment."  18 U.S.C. App. 2, Art. I, III.  Because Defendant was not serving a "term of imprisonment" within the meaning of the IAD, the delay did not constitute a violation of IAD.

## IV. CONCLUSION

The Court **ADOPTS** the Magistrate's recommendation and **DENIES** Defendant's Motion to Dismiss Indictment Pursuant to 18 U.S.C. §3162 and 18 U.S.C. App. 2.

**IT IS SO ORDERED.**

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  January 24, 2007

---

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on January 24, 2007.

s/Carol A. Pinegar
Deputy Clerk

---

11